UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   NOT FOR PUBLICATION
MICHAEL KNEITEL,

                Plaintiff,

        -against-                                               **ORDER AND MEMORANDUM**

MICHAEL DANCHUK, COSMO LUBRANO          04-CV-0971 (NGG)(LB)
JOSEPH ORRICO, WAYNE HARRISON,
SALVATORE VAN-CASTEREN, LUIS PEPE,
AVERY MEHLMAN, CHARLES HYNES,

                Defendants.
------------------------------------------------------------X
GARAUFIS, United States District Judge:

      In this action, brought *pro se* by Plaintiff Michael Kneitel pursuant to 42 U.S.C. §1983, Plaintiff alleges that Defendants, New York City police officers, violated his constitutional rights by, *inter alia*, searching and seizing his automobile. Defendants move for summary judgment. Plaintiff in reply sent an unsigned affirmation that does not comport with Local Rule 56.1(c). As Plaintiff is a *pro se* litigant, this court shall hold this motion in abeyance for Plaintiff to resubmit papers in opposition to Defendants' motion for summary judgment by November 30, 2005, and for Defendants' reply, if any, by December 30, 2005.

**I.    BACKGROUND**

      Plaintiff, brought this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by committing an illegal search and seizure of his automobile, false arrest, malicious prosecution, Miranda violations and prosecutorial misconduct. By Memorandum and Order dated April 1, 2004, this court granted Plaintiff's request to proceed *in forma pauperis*, and dismissed plaintiff's non-property related claims, and all claims as to defendants Danchuk, Van-Casteren, Pepe, Mehlman and Hynes. Kneitel v. Danchuk, No. 04-

CV-0971 (NGG), slip op. at 6 (E.D.N.Y. March 24, 2004). The remaining Defendants, Orrico, Lubrano, and Harrison, moved for summary judgment, alleging that Plaintiff has not presented evidence of constitutional violations, and that they are immune from liability. Defendants in their motion for summary judgment submitted a separate, numbered statement of facts citing to evidence pursuant to Eastern District of New York Local Civil Rule 56.1 ("Rule 56.1"). Plaintiff, in response, sent an unsigned document without a separate Rule 56.1 statement.

## II. DISCUSSION

Rule 56.1 requires movants for summary judgment to submit, with the motion, a "separate, short and concise statement, *in numbered paragraphs*, of the material facts as to which the moving party contends there is no genuine issue to be tried." E.D.N.Y. Civ. R. 56.1(a) (emphasis in original). Papers submitted in opposition to this motion "shall include *a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing* a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." E.D.N.Y. Civ. R. 56.1(b) (emphasis in original). All material facts set forth by the moving party in its statement of material facts that are not controverted by the opposing party in its own statement of material facts are deemed admitted. E.D.N.Y. Civ. R. 56.1(c).

Under Rule 56.1, the non-movant has an obligation to assist the court in deciding the motion for summary judgment by providing a counter-statement of material facts in numbered paragraphs that directly respond to the moving party's statement of material facts. Furthermore, each statement of fact offered by the opposing party as material and disputed must be followed by a supporting citation to admissible evidence in the record. The non-movant is also entitled

under Rule 56.1(b) to submit – <u>in addition to</u> the counter-statement of facts corresponding to the movant's facts – his own separate statement of numbered paragraphs containing facts alleged to be in dispute. However, "[t]he non-movant . . . should not leave it to the Court to cull from this separate statement the pieces of evidence which would support the contentions of the non-movant asserted in its paragraph-by-paragraph response without citation." <u>Gallimore-Wright v. Long Island R.R. Co.</u>, 354 F. Supp. 2d 478, 483 (S.D.N.Y. 2005) (internal citation omitted).

Kneitel, a *pro se* litigant, responded to Defendants' motion for summary judgment, but did not include a separate Rule 56.1 statement. Instead, Plaintiff's "Reply" is an unsigned and unnotarized statement that does not set forth the specific facts numbered in correspondence with the numbered facts in Defendants' Rule 56.1 statement. (P. Reply at 1.)

Under Rule 56.1, therefore, the court is entitled to deem all of the facts asserted in Defendants' Rule 56.1 statement as true. However, as Plaintiff is a *pro se* litigant, I shall hold this motion in abeyance until November 30, 2005 for Plaintiff to resubmit papers that include a Rule 56.1 statement that corresponds to Defendants' Rule 56.1 statement.

### III. CONCLUSION

This court shall hold Defendants' motion for summary judgment in abeyance until November 30, 2005 for Plaintiff to resubmit papers in opposition to Defendants' motion for summary judgment. Defendants' reply to Plaintiff's resubmitted response, if any, shall be due December 30, 2005.

SO ORDERED.

Dated: Brooklyn, New York
      October 31, 2005

                                                  /s/
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge